**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Guadalupe Jaime FAVELA,
Defendant—Appellant.**

No. 00–15689.

D.C. Nos. CR–98–05530–MDC,
CR–94–05044–EDP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2002.

Decided Jan. 25, 2002.

Before GOODWIN and TROTT, Circuit Judges, and EZRA,* District Judge.

* The Honorable David Ezra, United States Chief District Judge for the District of Hawaii,

## MEMORANDUM **

Guadalupe Favela ("Favela") appeals the judgment denying his 28 U.S.C. § 2255 petition. Favela alleges that the trial court's decision to admit testimony of a non-testifying co-defendant, and his counsel's failure to object to such testimony, violated his Sixth Amendment right to confront witnesses and his right to effective assistance of counsel. Favela further alleges that his counsel's assistance was rendered ineffective because the Government did not timely disclose impeachment evidence on a prosecution witness. Finally, Favela contends that the trial court erred by admitting his confession for impeachment purposes even though, at the time of his confession, the government promised Favela not to use his statements against him. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to explain our decision.

## I. No *Bruton* error

█ Favela contends that he was denied his confrontation rights when the district court admitted testimony of Luis Valenzuela ("Valenzuela"), a government informant, in violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Favela further contends that his counsel rendered ineffective assistance by failing to object to parts of Valenzuela's testimony while objecting to other parts of the testimony on hearsay rather than on Sixth Amendment grounds.

█ A defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial. *See Bruton v. United States*, 391 U.S. at 126. However, statements seemingly protected under *Bruton* can be admissible if they contain "particularized guarantees of trustworthiness." *Lilly v. Virginia*, 527 U.S. 116, 137, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *United States v. Boone*, 229 F.3d 1231, 1233 (9th Cir.2000).

Because the circumstances attendant to the making of Corral's self-incriminating statements provide a sufficient guarantee of trustworthiness, the statements were properly admitted, and Favela's counsel did not render ineffective assistance by failing to object to the testimony on Sixth Amendment grounds.

## II. No *Brady* violations

█ Favela contends that the Government prejudiced his right to due process under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to produce two pieces of impeachment evidence against prosecution witness Manuel Leon: (1) police reports and a search warrant regarding Leon's arrest in 1992 for drug trafficking; and (2) Leon's written plea agreement with the Government.

█ The Government violates the Due Process Clause when it fails to disclose material evidence favorable to a defendant. *See Brady v. Maryland*, 373 U.S. at 83. When the *Brady* material concerns impeachment evidence against a government witness, *Brady* error is avoided so long as the defendant can present the evidence to the jury and can fully cross-examine the witness. *See United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir.1996).

---

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Even though the Government improperly complied with its discovery obligations, its untimely production resulted in no prejudice. Favela's counsel received Leon's arrest records prior to cross-examination, and made use of the information to elicit testimony from Leon regarding his 1992 arrest, his guilty plea, and the terms of his plea agreement. There was no *Brady* error.

### III. Favela's post-arrest statements

■ Favela contends that his post-arrest statement to Agent Rodriguez was admitted into evidence in violation of his Fifth and Sixth Amendment rights. Favela argues that his confession was given involuntarily and was therefore inadmissible under *Mincey v. Arizona,* 437 U.S. 385, 401–02, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

By promising Favela that his statements would not be used against him, Agent Rodriguez interrogated Favela in violation of his *Miranda* rights. *See California Att'ys for Crim. Just. v. Butts,* 195 F.3d 1039, 1047–48 (9th Cir.2000) (en banc). However, Favela's self-incriminating statements became admissible to impeach him when he chose to testify falsely. *See United States v. Havens,* 446 U.S. 620, 627–28, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980).

**AFFIRMED.**